**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-4152**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT L. GREGORY,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:18-cr-00014-JPB-JPM-7)

---

Submitted:  January 27, 2023            Decided:  March 21, 2023

---

Before NIEMEYER, KING, and RICHARDSON, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Diana Stavroulakis, Weirton, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Shawn M. Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert L. Gregory pled guilty, without a written plea agreement, to conspiracy to possess with the intent to distribute and distribute quantities of methamphetamine, heroin, cocaine, and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. The district court overruled Gregory's objection to the drug quantity attributed to him and sentenced him to 210 months' imprisonment, the bottom of his advisory Sentencing Guidelines range. On appeal, Gregory argues that the district court clearly erred in concluding that the Government established by a preponderance of the evidence that the crystal methamphetamine ("ice") seized from Cedric Douglas' truck was reasonably foreseeable to Gregory as part of the conspiracy. We affirm.

"For sentencing purposes, the government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011). "Under the Guidelines, the drug quantities that may be attributed to the defendant include the quantities associated with the defendant's offense of conviction and any relevant conduct. Relevant conduct in conspiracy cases includes all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" and "within the scope of the defendant's agreement." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015) (cleaned up); *see* USSG § 1B1.3(a)(1)(B). Sentencing courts are required "to make particularized findings with respect to both the scope of the defendant's agreement and the foreseeability of the conduct at issue." *Flores-Alvarado*, 779 F.3d at 256 (cleaned up).

2

Whether a quantity of drugs involved in the conspiracy is foreseeable to a defendant "is a question of fact which will only be overturned on appeal if it is clearly erroneous." *United States v. Williams*, 19 F.4th 374, 384 (4th Cir. 2021) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 1392 (2022). "The Court will not find clear error unless on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Shivers*, 56 F.4th 320, 324 (4th Cir. 2022) (internal quotation marks omitted).

While there was some evidence distancing Gregory from the ice seized from Douglas' truck, there was ample evidence supporting the district court's conclusion that the Government established by a preponderance of the evidence that the shipment was reasonably foreseeable to Gregory as part of the conspiracy. Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*